OPINION
{¶ 1} On June 6, 2001, the Tuscarawas County Grand Jury indicted appellant, Shawn Shivers, on two counts of drug trafficking in violation of R.C. 2925.03.
 {¶ 2} A jury trial was held on January 29, 2002. The jury found appellant guilty. By judgment entry filed March 18, 2002, the trial court sentenced appellant to an aggregate term of one year in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred when it ruled that defendant had not demanded, in a manner consistent with R.C. 2925.51(C), authenticating testimony regarding the BCI lab reports, which were the only sufficient evidence offered to establish the existence of a controlled substance."
 I {¶ 5} Appellant claims the trial court erred in permitting the admission of laboratory reports identifying the purple pills found in appellant's possession as MDMA (Ecstacy) without testimony of the person signing the report. We agree.
 {¶ 6} There is no dispute that on June 25, 2001, prior to the receipt of any laboratory reports, defense counsel demanded testimony of the "authenticating or expert witnesses with regard to any such laboratory report received pursuant to requests herein."
 {¶ 7} R.C. 2925.51 governs laboratory reports. Subsections (B) and (C) state as follows:
 {¶ 8} "(B) The prosecuting attorney shall serve a copy of the report on the attorney of record for the accused, or on the accused if the accused has no attorney, prior to any proceeding in which the report is to be used against the accused other than at a preliminary hearing or grand jury proceeding where the report may be used without having been previously served upon the accused.
 {¶ 9} "(C) The report shall not be prima-facie evidence of the contents, identity, and weight or the existence and number of unit dosages of the substance if the accused or the accused's attorney demands the testimony of the person signing the report, by serving the demand upon the prosecuting attorney within seven days from the accused or the accused's attorney's receipt of the report. The time may be extended by a trial judge in the interests of justice."
 {¶ 10} The laboratory reports were provided to appellant and his attorney on June 28, 2001. Appellant did not re-demand that the signor of the report testify.
 {¶ 11} The state argues subsection (C) specifically states the demand for testimony of the person signing the report must be made after receipt of the reports by appellant. In support of this argument, the state points to the language of Civ.R. 45(A) which governs time computation. We note subsection (C) speaks of counting the days forward from the triggering event and does not anticipate pre-triggering date demands as was done sub judice.
 {¶ 12} In this regard, we concur with the state that there are many practical considerations in making a demand prospective for the triggering date i.e., a judge may not yet be assigned or an indictment may not have been returned. However, in this case, both the demand and the service of the laboratory reports were pre-arraignment and such concerns are not applicable.
 {¶ 13} We find due process forces us to find a premature demand served on the state is the same as a demand made post R.C. 2925.51(B). The statute is in contravention of the rules of evidence. Upon review, we find the trial court erred in admitting the laboratory reports.
 {¶ 14} The sole assignment of error is granted.
 {¶ 15} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed and remanded for new trial.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
Topic: Laboratory reports admitted with signor's testimony.